You may please the court and counsel. My name is Tracy Staub and I'm here on behalf of my client Joseph Gourley. This is a search and seizure case. Basically it has to do with the evidence or lack thereof of anything to justify the warrantless search and seizure of the vehicle that Mr. Gourley was riding in at one point in time. Mr. Gourley challenged both the warrantless search and the warrantless seizure. The district court considered the merits of both challenges. The government has the burden of proving that an exception to the warrant requirement applies. The government produced no evidence to support these exceptions. And the court found that the search was unlawful but found that the seizure was justified because it found probable cause, despite the lack of any evidence to support that finding. Go ahead. I'm puzzled by how you could say there's no evidence when the police witnessed a controlled buy from that vehicle. That's what the district court relied on for the subsequent search. Well, Your Honor, there was no evidence of any of that. That was the representation by the prosecuting attorney. And when the judge issued its first order, it took facts from the police reports, but those facts had not been introduced by testimony or stipulation or anything else. No, I thought there was an affidavit that had been presented to the Washington judge who then issued the subsequent search warrant, and that's what the district court was looking at. Correct. But that evidence was not introduced before Judge Whaley to support either of the exceptions. Didn't he have the affidavit before him? I believe he did. Yes, he did. I thought what he did was that he excluded from the affidavit the evidence of seeing cash and white powder in the car, and he said that the other evidence in the affidavit was sufficient to give cause to search. Like other evidence being things like, you know, people dealing drugs often have stash in their car. And I agree, Your Honor, that is what he did. And I guess it's a question of which comes first or putting the cart before the horse type of a thing. In this case, Mr. Gorley, through his attorney, asked for an evidentiary hearing so that he could challenge the warrantless seizure of the vehicle before that affidavit was prepared. Seizure occurring before the affidavit was prepared, of course. And to question whether the police had probable cause. He also requested the manuals and the information on these types of impounds and was never provided with any of that. Well, let's just focus on whether the – maybe you have arguments against it, but just focus for a moment, please, on whether the affidavit shows sufficient facts, apart from those two excluded facts, to indicate a fair probability that evidence of crime would be in the car. Well, and just for clarification purposes, Judge, are you asking me whether the affidavit with the seizure excluded? Whether the affidavit excluding the evidence of the powder and the cash would show enough to indicate cause to search. Cause to search to justify the warrant. Without the powder substance in the cash, what the police indicate in the warrant is that two days prior, we conducted a controlled buy. Mr. Gorley drove up in this vehicle. There was a controlled buy, and we arrested him. And that's – there's one controlled buy, he drove up in a vehicle, and we arrested him. And that – two days prior. And the district court said that was enough to support the subsequent – the search warrant. Why isn't that enough? Well, and, Your Honor, we point to the Perez case, and we talk about in the Perez case, which was similar in that there was a single incident where the person drove up in a vehicle, I believe, to get money for selling stolen coins four days after the incident occurred. And the court in that case held that there was not probable cause in that case. So we have an incident. And I think the critical factor is whether or not you excise the seizure of the vehicle from the search warrant affidavit. Because if the seizure itself is excised, the seizure itself being without a warrant, if the seizure is excised, then this case is very similar to the Perez case. What about the automobile exception? Well, that wasn't raised, Your Honor, and it wasn't – No, it wasn't. Pardon? I know it wasn't. So what do we do with that? Just ignore that as a – Well, Your Honor, there's no evidence to support that exception. And, again, you know, our alternative argument is there really is no evidence. Procedurally, there's no evidence to support these warrantless exceptions. So at the very least, this case should go back so that the defense can at least challenge the government's evidence, which it has never had an opportunity to do in this case, if there is any evidence, which, of course, we submit that there's not. So, you know, one of two alternatives, either the evidence was insufficient because there is none, or we should at least have an opportunity to challenge  I thought that the affidavit to get the warrant, apart from saying that he was a dealer, made some statements about how dealers often have drugs in their car. Is that wrong? That is true, Your Honor. And, you know, the standard cut and paste, canned, blah, blah, blah, blah, blah. I don't know if it's canned or not, but that's what it said. It did. But all Why doesn't that give probable cause to search the vehicle? Well, Your Honor, and I point this out in my reply brief, in this case, there's only allegations of one single incident, and there's nothing in the affidavit that says, we believe Mr. Gruley is a drug dealer. There's a single incident of a, and truthfully, in the affidavit, it doesn't specify the amount of drugs being distributed or the amount of money being changed hands. So we have no idea. Are we talking big time, small time, anything like that? We have a single transaction and no allegation or opinion that he is a drug dealer. So if it goes back on remand, can they pursue the automobile exception? I think that yes. I think at that point, for better or for worse. And that would be up to Judge Whaley. And Judge Whaley obviously knows how to control the courtroom. And, again, the government argues that procedurally we didn't raise this correctly. But, again, Judge Whaley discussed the merits of this position on the warrantless seizure. He obviously knows how to preclude a party from arguing a certain issue. He did that with the government in this case. But he did address the merits of this issue. He found or he thought he had found probable cause where the record disclosed that he had found no reason or no evidence whatsoever. So if there are no more questions, I'll reserve for rebuttal. Thank you, Your Honor. Thank you. May it please the Court. On counsel, my name is James Haggerty. I'm the Assistant United States Attorney in the Eastern District of Washington in Yakima. I was the individual handling this matter and responsible for this. It got a little garbled, it seems. Pardon me? It got a little garbled, it seems. Yes, it did. And factually, just so the Court understands, is that what was occurring at this time was Operation Ben Franklin, and unbeknownst to, because it was a state operation, in contradiction to normal practice, what the officers were doing was they were setting up deals, picking up defendants, arresting them, taking their car under the seizure statute, taking them to a bullpen, and then get the search warrant and search them later. And what they did was they arrested a significant number of what would be considered low-level dealers, people like Mr. Gourley who were actively involved but weren't your pound, multi-pound, organizational, but more street level. And so that's what was occurring. And as has become clear, the government went in with the understanding that it was the standard practice of a search incident to arrest and end that. And that, in fact, wasn't the case. But I think that it is the government's position in our response, we have pointed out, that the challenge that the appellant makes is that the government didn't meet its burden. However, that's not the issue. The issue is whether the defense, in this case, failed to raise the issue of unlawful seizure. Now, counsel seems to be rather cavalier about saying, as we challenge both search and seizure, that we challenge the seizure of this vehicle. And a reference to the issues raised by the defense in their motion to suppress were the warrantless search of the vehicle was not justified by any exception to the warrant requirement of the Fourth Amendment. It, therefore, was unreasonable. The search warrant was invalid as it was based on tainted evidence because of Runge's, who was the detective, unlawful search of the vehicle. The search violated Rule 41F3 by not serving a copy of the warrant on the owner and then a request for Frank's hearing. Why didn't the motion to reconsider, when the district court entertained that motion, why didn't that reopen the entire argument on what the theories were for protesting the search and seizure? I'm not sure why Judge Whaley ruled the way he did, why he didn't reopen it or say, we're going to redo this. He ruled specifically that you didn't raise the seizure issue. You clearly, in your issues, raised only search of the vehicle. You didn't raise the seizure. You can't raise it on the reconsideration motion. You can't reopen the hearing, which is now closed, or the argument that's now closed at this point in time. And I think that's what Judge Whaley did. He simply said, you didn't raise it. You can't come back and tell me that I should now rule on this issue, that there was this unlawful seizure, without you having raised it, without you having briefed it. And I think in a backhanded way is the government never addressed that because the issue was never raised. Of course, he suggested that we didn't raise any arguments whatsoever. So I think that's the problem here is that the appellate has not addressed the correct issue. The correct issue is, was there a basis for the judge's decision not to allow them to raise this unlawful seizure issue, when it was clear that the state law allowed for the seizure of this? In fact, the appellant in their argument indicates that with respect to the state law, that it doesn't provide an exception to the Fourth Amendment. However, it does give a reason for the officers to take that vehicle. And they admit that in that situation, it is like an exception, although not a distinctly identified. It is an exception, and it was permitted. So they're kind of arguing, well, we should have addressed the issue. But if they had addressed it, they would have been shut down by their own admissions in their argument. So I think they've missed the first issue completely. Now, the question is, if this court is going to remand it back, then it's going to open it up so that everything comes out. They will have to produce some form of argument on the issue. And I think the record is clear is that argument is unsuccessful. In this case, they observed that vehicle drive the defendant to the scene. He made a delivery from that vehicle. He made it to a confidential source. That facilitated and was used in a drug deal. Under the state statute, that vehicle is subject to seizure pursuant to the statute. Now, they've indicated we didn't give them the manuals for forfeiture or impound. This was not an impound pursuant to a procedural matter. It wasn't like it was a driving while suspended and you have to follow certain rules, and each agency has that. In this case, that seizure was pursuant to that state statute, and that state statute on its face gives you the right to seize it under certain circumstances. Does the impound manual not have any bearing on this type of seizure, or did it also cover this type of seizure? It would reference the state statute as to a seizure for facilitation use for that, but it would not in the procedure manual that indicates under what circumstances you will impound a vehicle, what happens after you impound it. The state statute for seizure as a facilitation or use in a drug transaction has its own sets of procedures for notification to who would receive it, amount of time that you have between it, hearings and all that. The statute itself governs the activities concerning a seizure like that. So was the seizure in this case consistent with the procedures set forth in the impound manuals under the state statute? It was consistent with the state statute, yes. And with the manual's reference of the state statute and what the steps are? I don't know the Metro's manual, so what, in fact, the content of that manual with respect to that seizure. I don't know what they specifically wrote. Most agencies just will adopt the state statute incorporated by reference is RCW 991.045. I do not know, Your Honor, what the specific language in that. The other parts that they were requesting was for impound. Well, this wasn't an impound. An impound results from certain other activities. So they're requesting an impound document that didn't apply in this case. That was the government's objection to providing that because that's a document that these task forces uses, and it was not relevant to this because the seizure was pursuant to statute, that specific statute. Wouldn't the seizure, though, have to be consistent with the Fourth Amendment, whether or not it satisfies the state statute? It would have been, yes. And we believe that it was because there was probable cause to believe that vehicle was used for the facilitation or use or delivery of controlled substances. And so the officers at that time had probable cause both for the arrest of the defendant and for the seizure of the vehicle because it facilitated that drug trafficking. And those were based on observations of the officer because this was a controlled violence surveilled by the officers in this case. So I believe their actions would not have violated Fourth Amendment. It would have been an exception because they had the probable cause. It would also be the automobile exception in this case, which the government didn't argue because we obviously believed at the time when the initial argument was made that it was a search incident to arrest. But later on, when we properly, I believe, addressed the court at the time of the hearing, we indicated that we had been wrong, that I had been wrong factually on this and asked the court to allow us to produce evidence to what really happened. And at that time, I will point out that there were all of the officers involved were present in that courtroom at that time. The government was ready to proceed to an argument to present evidence of this at the time. By the way, if the seizure wasn't initially challenged on the first motion, now did the Eastern District have local rules that would say that if something wasn't raised on the initial brief, it couldn't be raised by reconsideration? I'm not sure that there is a you have to file your motion within the deadline. There is a deadline for filing your motion that it sets forth a legal basis and a memorandum of authority supporting that. This wasn't raised. I mean, and I don't think that the defense will stand up or the appellant will stand up and say it was raised, because if it is, it would be important for them to point out in that original filing the motion to suppress where that occurs. It did not occur. It is completely absent of any reference to the seizure, and that's what Judge Whaley ruled on. Why can't they raise it in a motion to reconsider? They certainly can, because they did. I think what it was was that Judge Whaley ruled is this is too late. You didn't raise it. And so it was Judge Whaley's action to say you can't raise it. You had the opportunity. You had the time for the motion. You had a deadline motion. You didn't raise it. I'm not going to address it in a motion to reconsider. Can you see that? Because I sure don't see that in the proceedings. The Court, in fact, discusses the seizure throughout. And I don't see anywhere where the Court said I'm not going to consider this, it's too late. The Court says I wouldn't find that the seizure was unlawful, but was permitted according to State law. I don't have the reference to the specific page, but whether it's in the order or not, I can certainly look. I have those documents with me. It is the government's understanding of reading the record and also the orders that the Court indicated that the defendant had not raised it initially and would not consider it on reconsideration. Thank you. Thank you. Just to address the argument that the motion for reconsideration was procedurally precluded, I submitted in my reply brief and would submit to this Court that it's always the judge's discretion to reconsider a motion. And that is exactly what Judge Whaley did in this case. He reconsidered the merits, at least, of the seizure issue. And at ER 23, he states or I'm sorry, ER 22, down at the very bottom, so I would not find that the seizure was unlawful, but was permitted according to State law. Did the Court anywhere say that it wouldn't consider the seizure? Not that I'm aware of, Your Honor. You know, I think what the government is arguing is that the judge But doesn't he go on and say, this is ER 22 going over to 23, and to the extent the motivation of the officers would be relevant, which I don't think it is, the extent it would be, it seems to me that just like I precluded the government from arguing things and putting on evidence and that haven't been presented previously, that the motivation of the officers would be evidence that I would be taking for the first time on a motion for reconsideration, and I wouldn't be inclined to do that. That's correct, Your Honor. But that was a different issue. There were two theories on reconsideration, one of them being that the officers' motivation for arresting was because of the powdery substance or motivation for seizing the vehicle was because of what they found in the vehicle, and that's not something that we're raising here on appeal. Let's go on. That's just so I can understand what's going on there. You said Mr. Fisher, the other Mr. Fisher, was responding to that and said, I would say that the 6950 seizure laws that you had just indicated allow for the seizure of a vehicle when used in furtherance of a drug transaction was basically what the government was relying on and arguing or wanted to argue in which your order precluded them from arguing. That's what I would initially say, and so your order, because they abandoned their position, the court, you've come in now and tried to take that on a motion for reconsideration and have me just exclude something that the facts don't exclude. You want me to find that the seizure was unlawful, and then you want me to hear evidence on that. And it seems to me that that included in my prior consideration was that evidence that was in front of the judge when the warrant was issued, and that included the things I've just described. Right. Do you think that's just on the motivation? Well, Your Honor, what I think that Judge Whaley was saying here is that he believed he had previously found probable cause in the prior hearing when, in fact, he had not. So, again, this is a situation where the record just simply doesn't support the warrantless seizure of the vehicle because there's no evidence of a finding of probable cause. And with that, I'm out of time, so thank you. Okay. All right. Thank you. The case argued is submitted. We thank counsel for their argument. We're going to take a short recess.
judges: Fisher, Gould, Ikuta